We will now hear argument in the first matter on our argument calendar, which is United States v. Estrada-Soto. May it please the Court, distinguished guests and opposing counsel, my name is Rene Valladares and I represent Mr. Estrada-Soto in this matter. And what is at issue in this case is whether the 16-level enhancement under 2L1.1 applies based upon the imposition or based upon a prior offense for 1135.1, a California statute. Is there any explanation for why the trial counsel for your client did not make an objection at the time of sentencing to permit the Court to focus upon this issue that you now raise on appeal? Yes, Your Honor. Thank you for letting me address that matter right out of the bullpen. Slow down a little bit. Thank you, Your Honor. In fact, trial counsel for Mr. Estrada-Soto was myself, and there is no reason why that was done. There was no strategical reason why it was done. It was just a mere oversight. Nonetheless, we would strongly urge this Court that the matter still fits the bill of the plain error standard. The problem, as I understand it, was that the sentencing court had before it the pre-sentence report, which identified your client's prior conviction in California. And there was no opportunity in the absence of an objection to order any additional court documents produced to resolve the issue that you now complain about. Why shouldn't we find this argument waived by the failure to object to the sentencing judge? Yes, Your Honor, because I believe that the error is plain. The error is plain merely by looking at the prior California statute, 1135.1. Well, it's not necessarily plain to me that possession, which is defined as the right to the right to control the drugs, is different from a purchase, which is the right to control the drugs. Well, in that regard, I would disagree with this Court in that if we look basically at prior California case law, as well as the jury instructions in this case, it's clear that purchase and possession are treated differently. Well, if it's possession with intent to distribute, though, it's treated the same as if it's distribution, is it not? If it's possession with intent to distribute. And as I understand it, your client was found in possession of 85 grams of cocaine? That is correct. That is what the PSR states. Nonetheless, obviously, Taylor doesn't permit us to go ahead and look at the underlying factual scenario in the case. But if the 85 grams was stated in the pre-sentence report and there was no objection by you to that fact, can't the Court conclude from the pre-sentence report alone that the possession was intent to distribute based upon the large quantity of the drug? Your Honor, I don't think so. I don't think that the report will suffice for those purposes. I think that, again, we must look at merely the statute, and the statute does obviously draw a difference between both possession and purchase. But we never get that far if the Court adopts the pre-sentence report, as I assume it did at sentencing, to incorporate as an uncontested finding of fact that the prior conviction involved possession of 85 grams. And the Court did. That's what the Court did. And nonetheless, what I'm saying to this Court, what I am arguing, is that still the plain error doctrine would go ahead and permit this Court to go beyond that and analyze what, whether in fact this does fit the Taylor bill or not. How is the administration of justice offended by a reliance on what would obviously be a drug trafficking offense in the absence of an objection by the defendant? Well, I think that the administration of justice is offended because in this case, obviously the sentence would have been significantly higher, or rather lower. It would have been perhaps four times lower than it would have been with the imposition of the 16 levels. The administration of justice is offended because Mr. Estrada Soto received a sentence that is significantly higher than what he should have under the application of the guidelines. But you don't contest that he possessed 85 grams of cocaine. Your attack is a facial attack on the California statute. It is a facial attack on the California statute. So going back to my plain error question, how is justice offended on the facts of this case, where your client would clearly fall within the reach of a drug trafficking offense under Section 11351? Because I think that, again, as under the teachings of the Supreme Court, just looking at the statute of conviction, 11351, it is clear that there is a dichotomy between purchase and possession. And it also appears that the California courts have treated both differently. Purchase and possession have been treated differently. Sotomayor, I don't understand that, because possession can either be actual possession or it can be constructive possession. Yes. Constructive possession is defined as the right to control. Do you agree with that? How can you possibly think of purchase as different from the right to control? Yes. That's what you have when you purchase something, is the right to control it. So the definitions are exactly the same, aren't they? They're not. They're not. And I think that that's illustrated by one, the jury instruction in this case, that being in California, jury instruction 12.01, which basically treats them both quite differently. How? How? Yes. It's that according to the instruction, the element of possession is not necessary. And that, I think, is supported by California case law, by both Armstrong as well as by illustration, the case of Harley. I don't understand what you mean. Yes. You can have, for instance, in a situation as the court, as the California court decided in Armstrong, you can have, for instance, a reverse sting type situation. Yes. But that was an inchoate crime. It was an agreement to purchase. I'm not talking about an agreement to purchase. I'm talking about actual purchase in constructive possession. The definition is the same, isn't it? Actual purchase may be, but then again, in Armstrong, for instance, the court said that under the facts of Armstrong, where the individual had set up the meeting, had paid the officer, but yet did not receive possession of the narcotics, the court stated that. Prosecution under a different statute. Well, it was, but nonetheless, the court intimated, the court implied that that prosecution would have held under the statute in question. Well, I don't think the case that way. I'm sorry? I think the case explicitly said we're not deciding the issue for under a strict possession statute. Well, the court did not explicitly decide that, but nonetheless, the implication is there. Also, Howard starts to illustrate that, that you can have a situation where an individual is prosecuted for purchase, but then you don't have possession. And again, Your Honor, if I may, I believe that the jury instruction also reflects that they are treated quite differently. Counsel, let's set the record straight. Yes, Your Honor. In Armstrong, not only did the court not imply that it was decided in the case under 11351, it added a footnote saying this opinion is not intended to resolve the viability of a prosecution under the same or similar facts as a purchase for purposes of sale under 35 11351, right? So it didn't hold you. It didn't imply that, which you just said. Your Honor, I'm not saying that the court suggested for the prosecution to begin a new case under this statute or what have you. Nonetheless, the court is, for a reason, in a footnote stating that a bare verbal agreement to purchase drugs does not establish constructive possession. That's not the same as a purchase. An inchoate agreement that hasn't been performed is not possession. But when it's been performed, it's possession. Your Honor, if I may also again point the Court to the case we cited, Howard, as well as the jury instruction, as I already stated, I believe that all the two cases, Armstrong, Howard, and the jury instructions, basically can be read for the Thank you, Mr. Ballard. Your time has expired. We understand that. Mr. Walsh. May it please this Court, distinguished guests, Mr. Valladares. The issue before the Court is whether the district court committed plain error by finding that the defendant's prior drug conviction was an aggravated felony under United States Sentencing Guideline 201.2. It did not commit plain error. The second supplemental issue applies only if the Court finds that it did, and that is what should this Court do? Should it remand for an open or a closed record at resentencing? If the Court finds it's plain error, it should remand for resentencing on an open record so the government could prove that the acts that the defendant committed are and is an aggravated felony under the modified categorical approach. Defense counsel provides no case law to suggest that purchases for purposes of sale does not include some element of possession, either actual or constructive. The government also provides no case, I found no case law to say that it does. I think under a plain reading of the statute, a completed purchase, which is what required, must include some possessory interest. Defense counsel cites Armstrong, and as the Court accurately states, Armstrong does not address the issue of purchases for sale. Armstrong. Could you be, could someone be prosecuted under this statute for an agreement to purchase? No. Or for aiding and abetting? No. There's no California case law that suggests that it does, and there's no Federal case law as well. The statute clearly requires that you either possess or you purchase for purposes of sale. And a common reading of the word purchase requires that you have some rights over the item that you purchased. The defendant argues that because it says possession or purchase, that there necessarily is a difference between the two, so that you can be convicted either for possession or for purchase, but not necessarily on the same basis. I disagree with your proposition, Your Honor. Why? For example, in the drug, the definition of a drug trafficking offense includes both distribution and dispensing. But if you, I can't see a situation where you would dispense without distributing. It is common in statutes to use many words, theft statutes, drug statutes, in order for the legislature to enact it to make sure it covers any possible situation. And I think that's what they tried to do here. Instead of having to deal with whether possession is actual or constructive, I think purchasing for purposes of sale must require some sort of possessory interest. If you don't have any belief when the purchase was made that you had some rights over the controlled substance that you purchased, I would argue that that would then not be a completed purchase. Distributing and dispensing are not necessarily identical. In distribution, the purchaser takes title. In dispensing, the purchaser can be an agent who doesn't take title, right? I think the ---- In dispensing, you can be a runner on the street who never owned the crack drugs. In distribution, he would be an owner of the crack. Well, if ---- I believe what you're saying is the person convicted of dispensing may not be the one that actually handed the drugs? May not be the one who owned the drug. Well, I think that person could also be the distributor of the drugs. As I read distributing, it's the act of handing from one person to another. You have a ---- Or transferring. So that would be my argument. Perhaps I'm using a commercial code. Perhaps there are some differences in those two, but they seem very similar. And I think there are ---- It's very common in the law, null and void, to have lots of phrases that mean basically the same thing. And here I think the crux of the issue is whether a purchase cannot ---- can be made, a completed purchase, without having a possessory interest. And I can think of no situation where it would. Mr. Walsh, to go back to the plain error analysis, am I correct that Judge Hunt had before him at sentencing nothing more than the information in paragraph 29 of the pre-sentence report, the fact that the defendant had been found in possession of 85.5 grams of cocaine and a 9-millimeter pistol? That's correct, Your Honor. And in that pre-sentence report, it listed the crime as possession for purposes of sale. Well, but under our decision in Bank and Corona-Sanchez, is it permissible to rely on the pre-sentence report? Not under the modified categorical approach, no. But I think it was not plain error for the district court judge or it was not ---- it was not plain error to find that statute 11-351 was an aggravated felony, was a drug trafficking offense under that approach. The issue under the ---- I think the court can look at the facts they had to determine whether it was plain error. It would be wrong for the court to find ---- for the district court to use just that under the modified categorical approach to find that it was a drug trafficking offense. Well, I still wonder whether we get that far in the absence of an objection. I'm having a hard time. Maybe I just can't get past the plain error issue, but ---- I hope you don't, Your Honor. I understand. If the court relied upon those facts to which there was no objection, then why isn't that sufficient to conclude that 11-351 would clearly criminalize that conduct in this case? I would agree it would not be plain error. Since it was not objected to, the court looked at those facts. Again, that should go to the issue of whether there was plain error. And since the facts before the court were not objected to, I don't believe it was plain error for the court to rely on those. And looking at the statute, I think this court should find it was not plain error to rely on those facts. I will relinquish the rest of my time unless the court has other questions. All right. No further questions. Thank you, counsel, both of you, for your argument in this matter. And the matter just argued will be submitted. The court will take a brief recess before hearing argument in the next matter on our argument calendar. All rise.
judges: Rymer, Tallman, Bea